[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 24, 2008
THOMAS K. KAHN
CLERK

No. 07-10929
Non-Argument Calendar

_____

D. C. Docket No. 00-00933-CR-SH

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

ORLANDO E. PUCHE,
MAURICIO JAVIER PUCHE,
ENRIQUE ALFONSO PUCHE,

Defendants-Appellees.

_____

No. 07-10930
Non-Argument Calendar

_____

D. C. Docket No. 00-00933-CR-SH

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

MAURICIO JAVIER PUCHE,

                                                      Defendant-Appellee.

                    _____

                        No. 07-10931
                      Non-Argument Calendar

                    _____

                  D. C. Docket No. 00-00933-CR-SH

UNITED STATES OF AMERICA,

                                                      Plaintiff-Appellant,

                            versus

ENRIQUE ALFONSO PUCHE,

                                                      Defendant-Appellee.

                    _____

              Appeals from the United States District Court
                 for the Southern District of Florida

                    _____

                        **(June 24, 2008)**

Before BARKETT, HULL and PRYOR, Circuit Judges.

PER CURIAM:

        After a second resentencing, the government appeals the district court's

sentence of time served (approximately 66 months' imprisonment) imposed on Orlando Puche, Enrique Puche, and Mauricio Puche ("the Puches") for their convictions for one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(a)(3) and (h). These 66-month sentences are a downward variance from Orlando Puche's advisory guidelines range of 135 to 168 months' imprisonment and Enrique and Mauricio Puche's advisory guidelines ranges of 108 to 135 months' imprisonment. After review, we conclude that the district court based its variance on a legally erroneous factor, and thus we vacate and remand.

## I. BACKGROUND

This appeal marks the third occasion that this case has been before us. We briefly review its procedural history.

## A. Conviction, Sentencing and First Direct Appeal

The Puches proceeded to trial on the single charge of conspiracy to commit money laundering. The trial evidence established that the Puches owned and operated a money transmittal company, Gloria Exchange Corporation ("GEC"), in Miami, Florida. United States v. Puche, 350 F.3d 1137, 1141 (11th Cir. 2003). The Drug Enforcement Agency ("DEA"), in connection with local police, conducted a sting operation targeting another money transmittal company, wherein

3

an officer "posed as a drug dealer responsible for collecting cash from various drug sales locations and forwarding money to overseas accounts." Id. Through the owner of the other company, officers eventually met with employees of the Puches. See id. at 1141-42. Over the next few months, agents brought a total of $714,500 in small bills to the Puches' GEC, which was deposited into GEC's accounts and then transferred to accounts in Canada and England that were controlled by the DEA. Id. at 1142. The jury found the Puches guilty.

At a sentencing hearing in April 2002, the district court calculated guidelines ranges of 188 to 235 months' imprisonment for Orlando Puche and 135 to 168 months' imprisonment for Enrique and Mauricio Puche. The district court sentenced Orlando Puche to 188 months' imprisonment, and Enrique and Mauricio Puche to 151 months' imprisonment each, all of which were at the low end of their respective guidelines ranges. The Puches were imprisoned on July 27, 2001, when the jury found them guilty.

In November 2003, this Court affirmed the Puches' convictions but concluded that the district court erroneously failed to apply a three-level reduction to their offense levels under U.S.S.G. § 2X1.1(b)(2). See id. at 1156-57. Accordingly, this Court vacated the Puches' sentences and remanded to the district court "for the limited purpose of applying the three-level reduction under U.S.S.G.

4

§ 2X1.1(b)(2) and then resentencing within the resulting U.S.S.G. range." Id. at 1157.

## B. Resentencing and Second Direct Appeal

At a resentencing hearing in December 2004, the district court applied the three-level § 2X1.1(b)(2) reduction and recalculated guidelines ranges of 135 to 168 months' imprisonment for Orlando Puche and 108 to 135 months' imprisonment for Enrique and Mauricio Puche. The district court resentenced Orlando Puche to 135 months' imprisonment and Enrique and Mauricio Puche to 108 months' imprisonment, all of which were at the low end of their respective guideline ranges.

In this second appeal, this Court concluded that "the district court committed statutory Booker[1] error by sentencing the Puches under a mandatory system," and that such error was not harmless because the record did not indicate how the district court would have sentenced the Puches under an advisory guidelines system. See United States v. Puche, Nos. 05-10033, 05-10035, 05-10037, slip op. at 7-11 (11th Cir. Nov. 22, 2005) (unpublished). Accordingly, this Court again vacated the Puches' sentences and remanded "for the limited purpose of resentencing pursuant to Booker." Id. at 13. To that end, this Court's opinion

---

[1]The Supreme Court decided United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), after this Court's opinion in the Puches' first appeal.

instructed that:

> [T]he district court is required to sentence the Puches under an advisory Sentencing Guidelines regime, and shall consider the Sentencing Guidelines range of 135 to 168 months' imprisonment for Orlando Puche, and the range of 108 to 135 months' imprisonment for Enrique and Mauricio Puche, and "other statutory concerns as well, see 18 U.S.C. § 3553(a) . . . ."

Id. at 14 (quoting Booker, 543 U.S. at 245, 125 S. Ct. at 757) (bracket omitted).

## C.    Briefing Before Resentencing

Prior to their second resentencing, the Puches filed sentencing memoranda arguing that several factors supported resentencing them below the guidelines range and that sentences of time served would further the purposes of 18 U.S.C. § 3553(a).  Specifically, the Puches cited these factors: (1) their money laundering operation was non-violent, (2) there were no third-party victims, (3) they had worked to better themselves while incarcerated, (4) they had a strong support system of family and friends, (5) they would not pose a threat to society if released, and (6) the amount-of-loss figure used to enhance their guidelines calculations violated their Sixth Amendment rights because it was not submitted to the jury.[2]

The Puches later filed a supplemental memorandum that (1) cited several cases where defendants who laundered more money than they did received

---

[2] Although Orlando, Mauricio, and Enrique Puche filed separate sentencing memoranda, their arguments were essentially identical.

sentences below the Puches' guidelines ranges, and (2) cited a Department of Justice report stating that the average sentence for those convicted of money laundering offenses was 44 months' imprisonment and that approximately one-quarter of those convicted in 2001 of money laundering offenses received only probation. The Puches also submitted letters from friends and family that described them as good, hard-working men.

The government's brief responded that sentences of time served would not be appropriate. Instead, the government recommended that sentences at the low end of the advisory guidelines range–i.e., 135 months' imprisonment for Orlando Puche and 108 months' imprisonment for Enrique and Mauricio Puche–were reasonable in light of the § 3553(a) factors. In response to the Puches' claim of Booker error in the amount-of-loss figure under an advisory regime, the government argued that (1) the loss amount was, in fact, determined by the jury when it found the forfeiture amount, and (2) post-Booker, judge-found facts may still be used to calculate the advisory guidelines range and need not be charged, proven beyond a reasonable doubt, or admitted by the defendant.

## D. Order Resentencing to Time Served

Upon receipt of the briefing and before the start of the resentencing hearing, the district court issued a written order on January 26, 2007 resentencing the

Puches to time served (which was 66 months at that time).[3] The district court's order noted that, pursuant to the Eleventh Circuit's mandate, the district court was instructed "to reconsider its sentence of the Defendants under an advisory Sentencing Guidelines regime, as opposed to the mandatory regime." The order also stated that at the Puches' original sentencing, it had expressed its "deep dissatisfaction" with imposing a sentence within the guidelines range and its opinion that the guidelines "in this instance are quite harsh." The district court's order again observed that post-Booker the guidelines are advisory and that the court, after considering the guidelines range, "is permitted to tailor a sentence in light of other statutory concerns, such as relevant individual circumstances."

The district court's order listed the § 3553(a) factors. It then noted that this Court had held that post-sentence rehabilitative conduct was an impermissible factor to consider at sentencing, but recognized here "other factors warranting a downward departure from the recommended Guidelines range." The district court found these factors warranted a lesser sentence: (1) there was no violence connected with the Puches' offense or any third-party victims; (2) the Puches' had "strong familial ties" and "an otherwise impressive support system comprised of friends and family"; and (3) "because the Defendants' amounts of loss were not

_____

[3]The government makes no claim of procedural error as to the order being entered before the resentencing hearing.

8

submitted to the jury, the use of such amounts violates the Sixth Amendment right to a jury trial on all issues." The district court pointed out that, in this case, the Puches' base offense levels were increased due to conduct found at sentencing that was not determined by the jury.

The district court stated that upon weighing the above relevant concerns, the defendants should be resentenced to time served, as follows:

> Upon weighing all of the relevant concerns, the Court has concluded that without regard to the ultimate calculation of the sentencing guidelines, i.e., whether the Court accepts the government's proposed calculation or that of the defendant or some middle ground, the ultimate sentence that this Court would impose would be the same. Thus, under Fed. R. Crim. P. 32(i)(3)(B), the Court need not undertake the resolution of the disputed sentencing factors in the presentence report, because the ultimate sentence would be identical in any event, even under the calculations presently contained in the presentence report. To the extent that a calculation of the guidelines is required, the Court will proceed with the acceptance of the guideline range as determined by the probation officer.

> The Court concludes that, after considering the factors enumerated in Title 18 U.S.C. § 3553(a), the Defendants should be resentenced to a sentence that is no "greater than necessary" to comply with the comprehensive statutory factors. The Court will therefore impose a sentence of TIME SERVED.

Accordingly, the district court ordered that the Puches' be released from custody.

## E.  Resentencing Hearing

At the start of the resentencing hearing on January 26, 2007, the district court indicated that the parties had already been provided with copies of its above-

described resentencing order. The district court stated that because the court preferred "substance over form," it would be a "relatively short" resentencing hearing. The district court reiterated that it had commented on many occasions in the past about "the harshness of the punishment imposed" and that those matters had been addressed in its order.

The district court then formally sentenced the Puches to time served and three years' supervised release, but noted that it would "favorably consider" a motion to terminate the final year of supervised release if the Puches successfully completed the first two years. The sentences of time served (which was 66 months) were a downward variance from Orlando Puche's advisory guidelines range of 135 to 168 months' imprisonment and from Enrique and Mauricio Puche's advisory guidelines ranges of 108 to 135 months' imprisonment.

The district court inquired if the Puches objected to their sentences, and they said they did not. The district court did not make the same inquiry of the government before adjourning the hearing.

## II. DISCUSSION

### A. Sentencing Post-Gall

After the Supreme Court's decisions in Booker and Gall v. United States, 552 U.S. __, 128 S. Ct. 586 (2007), the district courts are still required to correctly

calculate the advisory guidelines range.  See United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008).  If the district court decides that a sentence outside of the guidelines is warranted, it "'must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.'"  Id. at 1190 (quoting Gall, 552 U.S. at __, 128 S. Ct. at 597) (emphasis omitted).

Gall emphasized that "while the extent of the difference between a particular sentence and the recommended Guidelines range is surely relevant, courts of appeals must review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." Id. at 1189 (quoting Gall, 552 U.S. at __, 128 S. Ct. at 591).

Under Gall, we must engage in a two-step process of sentencing review.  See id. at 1190.  First, we must "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range.'"  Id. (quoting Gall, 552 U.S. at __, 128 S. Ct. at 597).

11

Second, we must consider the "'substantive reasonableness of the sentence imposed, under an abuse-of-discretion standard,'" taking into account the "'totality of the circumstances.'" Id. (quoting Gall, 552 U.S. at __, 128 S. Ct. at 597). In considering the substantive reasonableness of the sentence, we may "'not apply a presumption of unreasonableness'" where a sentence is outside of the Guidelines range, and we "'must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance.'" Id. (quoting Gall, 552 U.S. at __, 128 S. Ct. at 597).

A sentence may be substantive unreasonable "'when the district court selects the sentence arbitrarily, bases the sentence on impermissible factors [or] fails to consider pertinent section 3553(a) factors.'" Id. at 1192 (quotation marks omitted) (emphasis added). If such an error exists, we will vacate the sentence and remand, unless the error was harmless. See United States v. Keene, 470 F.3d 1347, 1349 (11th Cir. 2006). A district court's consideration of an impermissible factor at sentencing is harmless if the record as a whole shows the error did not substantially affect the district court's selection of the sentence imposed. See United States v. Mathenia, 409 F.3d 1289, 1292 (11th Cir. 2005).

We now apply the two-step appellate review process outlined in Gall to the Puches' sentences of time served.

12

**B.     The Puches' Time-Served Sentences**

As to the first prong of the analysis outlined by Gall, we conclude that the district court did not commit procedural error in sentencing the Puches.  By adopting the advisory guidelines ranges calculated in the presentence investigation report, which were the same guidelines ranges that this Court instructed the district court to consider on remand, the district court properly calculated the advisory guidelines range.  The district court stated that it had considered the advisory guidelines range and the § 3553(a) factors, along with the pleadings filed by the parties, in its sentencing decision.  The district court then listed the § 3553(a) factors, even though it was not required to do so.  Finally, the district court explained its reasons as to why a sentence of time served was sufficient, but not greater than necessary to satisfy the § 3553(a) factors.  In light of the above, we conclude that there was no procedural error in the district court's decision.

As to the second prong of the analysis outlined in Gall, however, we conclude that the Puches' sentences are substantively unreasonable because the district court based its Booker variance on a legally erroneous factor.  See Pugh, 515 F.3d at 1192.  The district court accepted the guidelines calculations by the probation officer.  However, in outlining the factors supporting the Booker variance to a time-served sentence, the district court stated that the guidelines

13

enhancement of the Puches' base offense levels based on the amount of loss violated their Sixth Amendment rights because the loss figure was not submitted to the jury. This statement was incorrect because "'the use of extra-verdict enhancements in an advisory guidelines system is not unconstitutional.'" United States v. Chau, 426 F.3d 1318, 1323-24 (11th Cir. 2005) (quoting United States v. Rodriguez, 398 F.3d 1291, 1301 (11th Cir. 2005)). In other words, enhancement of the Puches' sentences based on a loss figure that was not submitted to the jury did not violate the Puches' Sixth Amendment rights under Booker because the district court was now resentencing the Puches' under an advisory guidelines scheme. See id. at 1324 (stating that a sentencing court could make fact findings beyond those charged in the indictment "because it applied the guidelines in an advisory way" and that "[n]othing in Booker is to the contrary"); Rodriguez, 398 F.3d at 1300 (stating, in reviewing a pre-Booker sentence, that "if the same extra-verdict enhancements had been found and used in the same way in a non-mandatory guidelines system the result would have been constitutionally permissible"). Thus, the district court based the extent of its sentence variance on a legally incorrect factor, i.e., a supposed Sixth Amendment violation that did not exist.[4]

---

[4]We reject the Puches' argument that the government waived its objections to their sentences.

Further, we cannot say that the district court's consideration of this alleged

Sixth Amendment error in its <u>Booker</u> variance sentences was harmless. The

district court's sentencing order does not indicate that it gave the alleged Sixth

Amendment error any less weight than the other factors listed as a basis for its

<u>Booker</u> variance. While the district court's statements expressing "deep

dissatisfaction" with the guidelines range and its opinion that a guidelines sentence

was "quite harsh" strongly suggest that it would make some downward variance

from the advisory guidelines range, it is not clear that the district court would have

varied downward to the same extent if not for its misconception regarding the

Sixth Amendment violation.[5] Therefore, because the record as a whole does not

show that the misconception about the alleged Sixth Amendment violation did not

substantially affect the district court's decision to impose <u>Booker</u> variance

sentences of time served, we vacate the Puches' sentences and remand to the

district court for the limited purpose of resentencing the Puches without

consideration of this factor.

**SENTENCES VACATED AND REMANDED WITH INSTRUCTIONS.**

---

[5]We recognize that the district court stated that it would impose the same sentences regardless of the guidelines range. However, the district court's order suggests that it would do so, in part, because of its conclusion that there was a Sixth Amendment violation in the amount-of-loss figure.

Nothing herein suggests any opinion regarding the ultimate sentences imposed in this case. We say only that the district court considered a legally incorrect factor in imposing the sentences here.

15

BARKETT, Circuit Judge, DISSENTING:

Based on this record, I would affirm the sentencing order imposed by the district court. Although the structure of the sentencing order creates some ambiguity, it does not clearly indicate that the district court partially based the variance on the legally erroneous ground. Therefore, I see no reason to question the district court's statement that it would impose the same sentence in the case. See United States v. Dean, 517 F.3d 1224, 1232 (11th Cir. 2008) (reiterating that we will uphold the sentence imposed by the district court where the sentence is reasonable and the district court states that it would impose the same sentence irrespective of any sentencing calculation errors).